IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JACOB ALAN POWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-581 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jacob Alan Powell, an inmate confined at the Federal Correctional Complex located in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## The Petition

Petitioner brings this Petition challenging the execution of his sentence. Petitioner contends the Bureau of Prisons ("BOP") is collecting restitution payments from him pursuant to the Inmate Financial Responsibility Program ("IFRP"), contrary to the schedule established by the court during sentencing. Petitioner claims he was coerced into participation and signed the contract under duress. Petitioner requests the return of $830.00 which has already been collected and an order for the BOP to cease further collections. Additionally, Petitioner requests an order for the BOP to pay interest on all monies collected via the IFRP.

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #16). The Respondent moves for dismissal based on Petitioner's failure to exhaust administrative remedies related to a refund or interest. Additionally, the Respondent contends that the BOP is appropriately applying the IFRP and correctly interpreted Petitioner's judgment.

Standard of Review

*Failure to State a Claim*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the petitioner has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Petitioners must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the petitioner. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its

obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

*Exhaustion*

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g. United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar,* 60 F.3d 745, 747 (11th Cir. 1995). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

The Federal Bureau of Prisons (BOP), which administers the prison in which Petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden.

28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.*

Here, the competent summary judgment evidence shows Petitioner failed to exhaust the available administrative remedy procedure prior to filing his Petition with respect to his requests for a refund of the monies collected and the payment of interest. Petitioner failed to file any grievance requesting a refund or interest. Accordingly, the Respondent's Motion for Summary Judgment should be granted in this regard.

*Inmate Financial Responsibility Program*

Petitioner's challenge to the validity of his payment plan established by the Bureau of Prisons as part of the Inmate Financial Responsibility Program based on his assertion that it was coerced is without merit. Petitioner's coercion argument is liberally construed as an assertion that if he did not participate he would be subjected to certain penalties for his refusal. Mandatory participation in the IFRP, however, "does not violate any constitutional rights as such participation is reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility." *Shelton v. Chandler*, 540 F. App'x 333, 334-35 (5th Cir. Sept. 19, 2013) (quoting *Acevedo v. Franco*, 69 F.3d 535 at *1 (5th Cir. 1995)). Penalties imposed upon a federal prisoner who refuses to participate in the IFRP are not a constitutional violation. *See Jones v. Fox*, 453 F. App'x 471 at *1 (5th Cir. Dec. 12, 2011).

Further, Petitioner's argument that the BOP is collecting restitution payments from him pursuant to the Inmate Financial Responsibility Program ("IFRP"), contrary to the schedule established by the court during sentencing also lacks merit. A review of Petitioner's judgment reveals that Petitioner was ordered to pay $5,346.00 in restitution. *See United States v. Powell*, No. 1:13cr43 (N.D. Tex. Dec. 5, 2013) (Doc. #37 at *4-5). The Judgment further provided the following: "If upon commencement of the term of supervised release any part of the restitution remains unpaid,

the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100.00 per month until the restitution is paid in full." *Id.*

Title 18 U.S.C. § 3572(d)(1) establishes the default rule that a defendant "sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately unless . . . the court provides for payment on a date certain or in installments." *United States v. Diehl*, 848 F.3d 629, 631 (5th Cir. 2017). In this case, the judgment did not set a date certain or a schedule of payments in installments relieving Petitioner from immediate payment. Instead, the provision of the judgment upon which Petitioner relies only takes effect if any part of the restitution remains unpaid at the time he is released from custody to supervised release. Allowing Petitioner to defer restitution until after his release would not be in the interest of justice. *See Hickman v. Keffer*, 498 F. App'x 375, 378-79 (5th Cir. 2012). Therefore, the judgment is properly construed as meaning the payments start immediately. Accordingly, petitioner has failed to establish a constitutional violation. Thus, the respondent's motion for summary judgment should be granted.

Finally, even if Petitioner had exhausted his request for a refund and the payment of interest on the monies previously collected, the claim is without merit. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriquez*, 411 U.S. 475, 494 (1973). Accordingly, the claim should be dismissed.

## Recommendation

The Respondent's Motion to Dismiss or, in the Alternative Motion for Summary Judgment should be granted, and the Petition for Writ of Habeas Corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of February, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE