| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| JACOB ALAN POWELL, | § | |
|---|---|---|
| Petitioner, | § § § | |
| versus | § § | CIVIL ACTION NO. 1:22-CV-581 |
| WARDEN, FCI BEAUMONT LOW, | § § § | |
| Respondent. | § § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jacob Alan Powell, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to the applicable laws and orders of this court. The magistrate judge recommends granting the respondent's motion to dismiss or, in the alternative, motion for summary judgment (#16) and denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's report and recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections are without merit. To the extent petitioner argues that the written judgment in his criminal case differs from the sentence orally pronounced by the court during sentencing, the proper avenue for correcting the original judgment is Federal Rule of Criminal Procedure 36 which is normally used to correct a scrivener's error. *See United States v. Escajeda*, 8 F.4th 423, 428 (5th Cir. 2021). Alternatively,

petitioner may seek relief by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Since petitioner was sentenced before the United States District Court for the Northern District of Texas, however, this court lacks jurisdiction to correct the judgment in his criminal case.

Further, to the extent petitioner claims his participation in the Inmate Financial Responsibility Act was coerced because refusal would render him ineligible to earn certain time credits under the First Step Act, the claim is without merit.  "[I]nmates who decline to participate or fail to comply with their agreed upon financial plan may face consequences such as limitations on work details or housing placement."  *United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017); 28 C.F.R. § 545.11.  Petitioner, however, has "no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide . . . ." *United States v. Lemoine*, 546 F.3d 1042, 1049 (9th Cir. 2008).  Further, "the imposition of the conditions in § 545.11(d) does not violate an inmate's liberty interests under the Due Process Clause." *Driggers v. Cruz*, 740 F.3d 333, 338-39 (5th Cir. 2014).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  It is

**ORDERED** that the respondent's motion to dismiss or, in the alternative, motion for summary judgment (#16) is **GRANTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 25th day of March, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE